IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL       :

                    :

   v.                    :   Civil Action No. DKC 11-3278

                    :

GREG HERSHBERGER, et al.

                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is a motion for leave to file an amended answer filed by Defendants Gregg L. Hershberger, et al. ("Defendants"). (ECF No. 114). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I. Background**

   **A. Factual Background**

The following facts are drawn from Plaintiff David Brightwell's ("Mr. Brightwell" or "Plaintiff") second amended complaint. (ECF No. 80).[1] Plaintiff, at all relevant times, was incarcerated at the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland. (*Id.* ¶ 4). Plaintiff alleges that, at multiple times in October 2009, he was physically abused by correctional officers, including some Defendants, at RCI.

---

[1] Additional alleged facts are put forth in a prior opinion. (ECF No. 69, at 2-4).

Plaintiff contends that he was "known by Defendants as an inmate who routinely filed complaints," and that, in February 2011, after refusing to stop filing complaints, he was physically abused by Defendants. (*Id.* ¶ 20). Plaintiff alleges that he was denied medical treatment for the injuries sustained during the incident and the abuse has caused him "severe back pain," requiring him to support himself while standing. (*Id.* ¶ 49). Plaintiff's complaint asserts that the 2009 and 2011 incidents were part of an ongoing conspiracy and pattern of abuse among correctional officers at RCI. (*Id.* ¶¶ 10, 68).

B. **Procedural History**

Plaintiff, initially proceeding *pro se*, commenced this action by filing a complaint on November 15, 2011. (ECF No. 1). Plaintiff filed a motion for leave to file his first amended complaint to name additional Defendants (ECF No. 6), and the amended complaint was filed on January 23, 2012. (ECF No. 10). On February 26, 2013, the undersigned granted in part and denied in part Defendants' motion to dismiss and directed Plaintiff's newly appointed counsel to file a second amended complaint. (ECF Nos. 69; 70). Plaintiff, through appointed counsel, filed his second amended complaint on July 15, 2013. (ECF No. 80). The second amended complaint includes additional details about the alleged incidents, most notably allegations about the 2009 incidents. Plaintiff's second amended complaint includes seven

counts: violation of constitutional rights; conspiracy to violate constitutional rights; violation of constitutional rights by failure to supervise and train; state tort claims for battery, intentional infliction of emotional distress, and negligence; and violation of the Maryland Declaration of Rights. (ECF No. 80 ¶¶ 51-93). On September 24, 2013, Defendants filed an answer to the second amended complaint. (ECF No. 89).

After several joint motions for extension of time (ECF Nos. 91; 94; 97; 99; 102), Defendants filed the pending motion for leave to file an amended answer on March 31, 2015, approximately four weeks before discovery was then scheduled to end. (ECF No. 114). On April 3, 2015, Defendants, following a court order to comply with Local Rule 103.6 (ECF No. 117), filed a redline version of their amended answer (ECF No. 119). Plaintiff filed an opposition on April 17, 2015 (ECF No. 120), and Defendants replied (ECF No. 124). The parties filed two subsequent consent motions for extension of time (ECF Nos. 131; 134), and discovery closed on August 31, 2015 (ECF No. 135).

**II. Standard of Review**

The Federal Rules of Civil Procedure provide that a party may amend a pleading as a matter of course within 21 days of serving it. Fed.R.Civ.P. 15(a)(1). Once the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave."

Fed.R.Civ.P. 15(a)(2). Leave is not difficult to obtain: the court will freely give it "when justice so requires." *Id.* Denial of leave to amend should occur "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see also Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.*, 674 F.2d 369, 379 (4th Cir. 2012). "Delay alone, however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *see also Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

**III. Analysis**

Defendants' proposed amended answer seeks to add, in relevant part, six affirmative defenses.[2] The amended answer adds the following affirmative defenses: contributory negligence and assumption of risk, statute of limitations, the Maryland Tort Claims Act, failure to comply with administrative and procedural prerequisites, and failure to exhaust administrative

---

[2] Although Plaintiff contends that the amended answer adds ten defenses, an examination of the redline version of the amended answer (ECF No. 119) makes clear that one defense is a general denial (ECF No. 119 ¶ 94) and three are simply restyled recitations of defenses included in the original answer (*Id.* ¶¶ 95-97).

4

remedies. (*Id.* ¶¶ 98-103). Defendants argue that "[j]ustice requires that colorable defenses be allowed to proceed absent prejudice or unfair surprise to the non-moving party." (ECF No. 114-1, at 5). They contend that the proposed amendments are not made in bad faith, do not prejudice Plaintiff, and are not futile. Plaintiff counters by primarily focusing on Defendants' significant delay in filing an amended answer. (ECF No. 120, at 9-11, 14-15). Plaintiff further argues that he would be prejudiced by the proposed amendments, and that the defenses lack "merit." (*Id.* at 12-14). Plaintiff, although asserting that Defendants have not offered any reason to justify their delay in amending their answer, makes no allegations of bad faith. Accordingly, Defendants' amended complaint should be allowed absent a showing of prejudice or futility.

### A.  Prejudice

Plaintiff argues that Defendants' amended answer "will inject into this case a host of new legal theories based on facts [he] believed were undisputed and about which [he] will have no opportunity to conduct adequate discovery." (ECF No. 120, at 2). Plaintiff contends that, even though the motion was filed approximately four weeks prior to the scheduled close of discovery, he will be unable to fully conduct discovery because the motion was filed after the deadline for written discovery. Plaintiff notes that Defendants have not provided a reason to

"justify" their delay and "do not and cannot allege that they seek to assert the affirmative defenses as a result of newly discovered evidence." (*Id.* at 14).

Defendants counter that the amended answer is not prejudicial because it only adds affirmative defenses; it does not plead new facts or add counterclaims. (ECF No. 124, at 2). The affirmative defenses "do not allege any new facts or pertain to matters for which Plaintiff has not already considered." (ECF No. 114-1, at 4). Defendants assert that, at the time of filing, Plaintiff had nearly four weeks to continue discovery and could still send written discovery requests. Further, the discovery deadline had, at the time of filing and subsequently, been extended many times. Finally, Defendants argue that Plaintiff is not prejudiced by the amended answer because, in addition to filing the motion before the close of discovery, Defendants filed the motion well in advance of the dispositive motion deadline and before a trial date was scheduled. (ECF No. 124, at 7-8).

Much of Plaintiff's opposition to Defendants' amended answer focuses on the eighteen month delay between when Defendants filed their initial answer and their amended answer. Defendants' only justification for the delay is that, following the retirement of an attorney handling the case, current defense counsel "noticed that important colorable defenses had not been

6

plead." (ECF No. 114-1, at 3). The undersigned, like Plaintiff, does not find this to be a compelling reason for delaying the inclusion of basic affirmative defenses by eighteen months. Delay, however, "cannot block an amendment which does not prejudice the opposing party." *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990). The United States Court of Appeals for the Fourth Circuit has reversed a district court's refusal to allow an amended answer even though the "delay inexcusably and intolerably frustrated the purpose" of an arbitration program because the opposing party could not show prejudice. *Id.*

"Whether an amendment would be prejudicial is a factual determination. Courts look at the nature of the proposed amendment, the purpose of the amendment, and the time when the amendment was filed." *Equal Rights Center v. Archstone Smith Trust*, 603 F.Supp.2d 814, 818 (D.Md. 2009) (citing *Laber*, 438 F.3d at 427). The Fourth Circuit has explained that:

> A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [opposing party, and] is offered shortly before or during trial." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

7

*Laber*, 438 F.3d at 427. The current case falls between the two extremes highlighted in *Laber*. At the time the amended answer was filed, extensive discovery had been completed, but there was still approximately four weeks of discovery remaining, and the parties filed multiple joint motions for extensions that ultimately extended discovery until August 31, 2015. Plaintiff asserts that additional discovery would be required to address Defendants' affirmative defenses, but the affirmative defenses he mistakenly uses to illustrate this point were included in Defendants' original answer. As such, Plaintiff has not specifically asserted, and it is not readily apparent, why additional discovery would be required in response to Defendants' *additional* affirmative defenses. At the very least, "[a]ny potential prejudice to plaintiff[] may be wholly cured with a small window of additional discovery." *Baltimore County FOP Lodge 4 v. Baltimore County*, 565 F.Supp.2d 672, 675 (D.Md. 2008); *see also Hemphill v. ARAMARK, Inc.*, No. ELH-12-1584, 2013 WL 55665, at *2 (D.Md. Jan. 2, 2013) (granting a motion to amend even though it "would effectively require a brief extension of the discovery deadline"). Further, no trial date has been set, and Plaintiff has sufficient time to address the affirmative defenses in his forthcoming dispositive motion. *Cf. Sherwin-Williams Co. v. Coach Works Auto Collision Repair Center, Inc.*, No. WMN-07-CV-2918, 2010 WL 889543, at *2 (D.Md. Mar. 4, 2010).

8

The cases Plaintiff cites to support his claims of prejudice, and other cases that reject amended pleadings, are distinguishable because the defendants in those cases attempted to add wholly new counterclaims that would have required "*substantial* new discovery" and "*significantly* changed the nature of the litigation." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 940 (4th Cir. 1995) (emphases added); *see also Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 440 (4th Cir. 2011). Here, conversely, Defendants' amended answer simply adds standard affirmative defenses based on Plaintiff's existing claims. Irrespective of Defendants' inexcusable delay, Plaintiff has not shown that he will be prejudiced by the timing of the amended answer.

Plaintiff also asserts that "Defendants' prolonged delay in raising the affirmative defense alleging failure to exhaust administrative remedies [is prejudicial because it] could expose [him] to a statute of limitations defense that the Defendants would not otherwise have." (ECF No. 120, at 10). Further, Plaintiff argues that "Defendants have waived this defense because they neglected to raise it promptly in response to any of [his] complaints." (*Id.* at 13). Defendants aver that they have not waived the defense. (ECF No. 124 at 7). Defendants also contend that Plaintiff is not prejudiced or surprised by

9

the late assertion of the failure to exhaust defense because he was aware of the defense as early as 2011. (ECF Nos. 124, at 6; 124-1, at 4). There is "'ample authority' in the Fourth Circuit 'for the proposition that absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived.'" *Chase v. Peay*, 286 F.Supp.2d 523, 531 (D.Md. 2003) (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999)). Here, there is no indication that Plaintiff was surprised by the exhaustion requirement; in fact, it appears that he was well aware of it.[3] Additionally, as Judge Williams noted in a similar case:

> [T]he purported prejudice of which [Plaintiff] complains is prejudice of his own doing. . . . Consequently, the prejudice [he] now faces is hardly different than the prejudice a plaintiff confronted with a meritorious [exhaustion] defense inevitably faces. Furthermore, it is somewhat speculative to conclude that [Plaintiff] would have managed to exhaust administrative remedies before the expiration of the statute of limitations had [Defendants] raised [the defense earlier].

*Blake v. Maynard*, No. 8:09-cv-02367-AW, 2012 WL 5568940, at *4 (D.Md. Nov. 14, 2012). Accordingly, Plaintiff has not demonstrated prejudice sufficient to deny Defendants' motion for leave to amend their answer.

---

[3] This opinion, however, makes no assessment of the merits of the failure to exhaust defense.

**B. Futility**

Plaintiff asserts that the proposed statute of limitations and failure to exhaust defenses are futile. (ECF No. 120, at 12-14). The standard for futility is the same as for a motion to dismiss under Rule 12(b)(6). *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (affirming the district court's denial of a motion to amend because the "proposed amended complaint does not properly state a claim under Rule 12(b)(6) and lacks sufficient particularity under Rule 9(b)"); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (holding that an amendment is futile if the amended claim would fail to survive a motion to dismiss). "Leave to amend should be denied on the ground of futility only when the proposed amendment is clearly insufficient or frivolous on its face." *Cappetta v. GC Servs. Ltd. P'ship*, No. 3:08CV288, 2009 WL 482474, at *4 (E.D.Va. Feb. 24, 2009) (citing *Davis*, 615 F.2d at 613; *Oroweat Foods Co.*, 785 F.2d at 510).

Plaintiff argues, in response to the statute of limitations defense, that his amended complaint that includes allegations of the 2009 incidents relates back to his initial complaint because they "arise out of the same pervasive practice of correctional officer misconduct at RCI." (ECF No. 120, at 12); *see also* Fed.R.Civ.P. 15(c)(1). Plaintiff may be correct in his assessment of the merits of his relation back argument, but

"[d]etermining whether amendment would be futile does not involve an evaluation of the underlying merits of the case."[4] *Kolb v. ACRA Control, Ltd.*, 21 F.Supp.3d 515, 522 (D.Md. 2014). The statute of limitations defense is not so clearly insufficient or frivolous on its face as to be futile. With regard to the failure to exhaust defense, Plaintiff includes only a conclusory statement that he "pursued all of the administrative remedies offered him regarding Defendants' abuse." (ECF No. 120, at 13). Again, while perhaps be true, Plaintiff's statement alone is not enough to render the defense futile at this time.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion for leave to file an amended answer will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[4] Notably, Plaintiff discusses these defenses as not being "meritorious" rather than being "futile."