IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL              :

   v.                        :   Civil Action No. DKC 11-3278

GREG HERSHBERGER, et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is a motion to quash and for entry of a protective order filed by Defendants Gregg L. Hershberger, et al. ("Defendants"). (ECF No. 145). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be denied.

**I. Background**

Additional underlying facts are included in a prior memorandum opinion. (ECF No. 136). Only those facts relevant to the pending motion will be discussed here. The pending motion relates to Plaintiff David Brightwell's attempt to depose Defendant David Miller. Plaintiff's counsel asserts that Plaintiff attempted unsuccessfully to serve Mr. Miller multiple times in April and May 2015. (ECF No. 148-1 ¶ 3). On August 3, 2015, the undersigned entered a scheduling order establishing that depositions were to be completed by August 31 and

dispositive motions were due by September 30. (ECF No. 135). On September 25, Defendants filed a consent motion for an extension of time "to allow for Plaintiff to complete Defendant Miller's deposition before the filing of a motion for summary judgment." (ECF No. 139 ¶ 2). The deadline for the submission of dispositive motions was extended until October 23. (ECF No. 140).

On September 22, Plaintiff served Mr. Miller with a subpoena to appear at a deposition on October 8. (ECF No. 148-1 ¶ 5). Mr. Miller attended his deposition on October 8. Shortly after the deposition began, upon realizing that he was a defendant, Mr. Miller requested that he be represented by Defendants' counsel, the Maryland Office of the Attorney General (the "OAG") and the deposition was postponed. (ECF Nos. 145-2 ¶ 3; 148-1 ¶ 6). On October 16, the OAG informed Mr. Miller that it would represent him once he executed a legal representation agreement. (ECF No. 145-2 ¶ 4). The OAG has not yet received an executed agreement from Mr. Miller. (*Id.*). On or about October 21, the parties' counsel communicated telephonically regarding the scheduling order. (ECF Nos. 145-2 ¶ 5; 148-1 ¶ 9). Defendants' counsel alleges that Plaintiff's counsel represented that he would not depose Mr. Miller "until briefing on the motion for summary judgment had been completed." (ECF No. 145-2 ¶ 5). Plaintiff's counsel asserts that he conveyed

that he "did not intend to [depose Mr. Miller] given the short schedule unless Defendants' summary judgment motion relied on statements from [Mr.] Miller." (ECF No. 148-1 ¶ 9).

On October 23, Defendants filed a motion for summary judgment. (ECF No. 141)[1]. On November 20, Plaintiff's counsel e-mailed Defendants' counsel to inquire about scheduling Mr. Miller's deposition. (ECF No. 145-2, at 23). Defendants' counsel replied that they objected to conducting the deposition because "[d]iscovery cut-off is over and the Defendants have already filed their brief for summary judgment." (*Id.* at 25). Defendants' counsel also asserted that he "relied on [Plaintiff's counsel's] representation . . . that [he] would not try to depose Mr. Miller until after briefing on the motion for summary judgment was completed." (*Id.*). On November 25 and December 8, Plaintiff's counsel served Mr. Miller with a subpoena to appear at a deposition currently scheduled for January 6, 2016. (ECF No. 148-1 ¶ 13). Under the current amended briefing schedule, Plaintiff's response is due January 18 and Defendants' reply is due by February 26. (*See* ECF No. 147).

---

[1] The motion (ECF No. 141) is docketed as being filed on behalf of Mr. Miller, as well as other defendants, but the motion itself does not include Mr. Miller, as to whom default has been entered. Furthermore, it appears that Michael McDonald has entered his appearance on behalf of Mr. Miller, but it is not clear when and whether the entry of appearance was intentional. Counsel are directed to clarify the representation issue within 3 days.

3

On December 4, 2015 Defendants filed the pending motion to quash and for entry of a protective order. (ECF No. 145). Plaintiff filed a response in opposition (ECF No. 148), and Defendants replied (ECF No. 149).

**II. Analysis**

A subpoena issued pursuant to Rule 45 is "a form of discovery" and generally must be served within discovery deadlines. *See 476 K Street, LLC v. Seneca Specialty Ins. Co.*, No. TDC-14-2739, 2015 WL 3464459, at *2 (D.Md. May 28, 2015). "District courts have broad discretion to manage the timing of discovery." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D.Md. 2009)(citing *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986), *cert denied*, 480 U.S. 934 (1987)).

Defendants argue that Plaintiff's November 25, 2015 subpoena is untimely because discovery closed in August.[2] Defendants also object to the prospect of Plaintiff's counsel taking Mr. Miller's deposition after having access to their motion for summary judgment. Defendants assert:

> Miller's deposition would not only create the burden and expense of traveling to western Maryland to prepare for and attend a deposition that should have been taken several months ago, it is distracting and could potentially result in even further

---

[2] Plaintiff's contention that Defendants do not have standing to challenge the subpoena is unpersuasive. As both parties note, a party has standing to enforce a court's rules and orders - in this case, the court's scheduling order. (*See* ECF Nos. 145-1, at 6; 148, at 11 n.7).

4

> efforts to take discovery. To allow Plaintiff to, in effect, re-open discovery now that a motion for summary judgment has been filed disadvantages the defendants and smacks of gamesmanship because it would enable Plaintiff to use Defendants' motion as a guide post.

(ECF No. 145-1, at 8). Defendants admit that they initially consented to Plaintiff's deposition of Mr. Miller after the close of discovery, but assert that this agreement was contingent on the deposition taking place *prior to* the submission of dispositive motions. Plaintiff counters that he is simply attempting to complete the deposition that already began, as agreed to by Defendants, but which has been delayed due to issues with Mr. Miller's representation. (ECF NO. 148, at 8-10). Plaintiff asserts that he is not seeking to re-open discovery beyond deposing Mr. Miller.

Here, Defendants have not adequately shown that they will be unduly burdened if Plaintiff is allowed to depose Mr. Miller. Traveling to the deposition in western Maryland is not unduly burdensome. In addition, unlike the cases cited by Defendants, there is no risk that denying their motion would widely reopen discovery. In fact, the court in *476 K Street*, the case on which Defendants most directly rely, compelled limited additional discovery after the deadline because it deemed the information relevant and not unduly burdensome to produce. 2015 WL 3464459, at *3. Here, Plaintiff is not asking to re-open

5

discovery beyond taking one deposition that had already been agreed to, scheduled, and begun.  Moreover, there is no evidence that Plaintiff has deliberately attempted to circumvent the discovery deadline.  Rather, Plaintiff has attempted to depose Mr. Miller for roughly eight months.  When ultimately successful in serving Mr. Miller, Plaintiff was prepared to take the deposition, as agreed to by Defendants, on October 8.  The deposition began, but was adjourned by Mr. Miller and Defendants' counsel.  Accordingly, Plaintiff's counsel has been diligent in attempting to depose Mr. Miller, notwithstanding the delay in formalizing the representation agreement between Mr. Miller and Defendants' counsel.

Defendants' argument that they will be prejudiced by the deposition because they have already filed their motion for summary judgment is also unavailing.  Defendants contend that Plaintiff will be able to use the summary judgment motion as a "guide post" for the deposition, but this vague assertion is not sufficient to warrant preventing a deposition that was scheduled and commenced prior to the filing of Defendants' motion. Defendants will be able to file a reply memorandum, if necessary, following the deposition and the filing of Plaintiff's memorandum, thus further reducing the risk of prejudice.

**III. Conclusion**

For the foregoing reasons, Defendants' motion to quash and for the entry of a protective order will be denied. A separate order will follow.

                                                /s/  
                                        DEBORAH K. CHASANOW  
                                      United States District Judge