IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL            :
                            :
                            :
    v.                      :    Civil Action No. DKC 11-3278
                            :
GREGG L. HERSHBERGER, et al. :
                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are (1) a motion to certify an interlocutory appeal by Defendants Sgt. James Stotler, C.O. II Roy Hess, C.O. II Marvin Gillespie, and C.O. II Chaz Younger ("Defendants"); and (2) a motion to stay proceedings pending the disposition of the motion for interlocutory appeal. (ECF Nos. 188, 189). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be denied.

**I. Background**

A more complete recitation of the factual background can be found in the court's prior memorandum opinion on summary judgment. (*See* ECF No. 183, at 2-8). In that opinion, the court ruled, *inter alia*, that Defendants were not entitled to summary judgment based on the affirmative defense of Plaintiff's failure to exhaust administrative remedies. (*Id.* at 18-26).

Defendants now move to stay proceedings and certify their interlocutory appeal of that decision. (ECF Nos. 188, 189). Plaintiff responded, and Defendants replied. (ECF Nos. 191, 195).

## II. Standard of Review

Defendants argue that the court should certify an interlocutory appeal of the court's denial of summary judgment, based on Defendants' affirmative defense of failure to exhaust administrative remedies. With the consent of the district court, litigants may file an immediate appeal of a non-final order, but the decision to certify an interlocutory appeal is firmly in the district court's discretion. 28 U.S.C. § 1292(b); *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 451-52 (D.Md. 2015) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Moreover, the United States Court of Appeals for the Fourth Circuit has cautioned that "[§] 1292(b) should be used sparingly and . . . that its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989); *see also Beck v. Commc'ns Workers of Am.*, 468 F.Supp. 93, 95-96 (D.Md. 1979) ("Section 1292(b), a narrow exception to the long-standing rule against piecemeal appeals, is limited to exceptional cases."); *Riley v. Dow Corning Corp.*, 876 F.Supp. 728, 731 (M.D.N.C. 1992) ("The legislative history of [§

1292(b)] suggests that there is a strong federal policy against piecemeal appeals.").

Section 1292(b) states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.

Thus, a defendant seeking an interlocutory appeal pursuant to Section 1292(b) must show "(1) that a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Butler*, 307 F.R.D. at 452 (quoting *Riley*, 876 F.Supp. at 731). Unless all of the statutory criteria are satisfied, however, "the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Butler*, 307 F.R.D. at 452 (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)); *see also Riley*, 876 F.Supp. at 731 (stating that § 1292(b)

3

"requires strict adherence to all statutory requirements before certification will be allowed").

## III. Analysis

The term "controlling question of law" for purposes of Section 1292(b) refers to a "narrow question of pure law whose resolution would be completely dispositive of the litigation, either as a legal or practical matter." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. at 452 (quoting *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished table decision)). These narrow questions focus on the bare "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp.2d 612, 623 (D.Md. 2013); *see also In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010) ("[A] pure question of law [is] something the court of appeals could decide quickly and cleanly without having to study the record[.]"). Pure questions of law are contrasted with legal questions that are "heavily freighted with the necessity for factual assessment," which "have usually been thought not the kind of 'controlling' question proper for interlocutory review under § 1292(b)," because they "inflict[ ] upon courts of appeals an unaccustomed and ill-suited role as factfinders." *Fannin*, 1989 WL 42583, at *5; 16 Charles Alan Wright, Arthur Miller, and Edward Cooper, *Federal Practice and Procedure* §

4

3930, 500-01 (3d ed. 2012)) §3930, at 500-501.  Moreover, a question of law is "controlling" only if it would be reversible error on final appeal.  *Maxtena, Inc. v. Marks*, No. DKC 11-0945, 2014 WL 4384551, at *5 (D.Md. Sept. 2, 2014); *Lynn*, 953 F.Supp.2d at 623.

It is important to recognize the context in which the challenged ruling was made, *i.e.* a motion for summary judgment by the party that has the burden of proof on the issue.  Appropriately, the court viewed the facts and inferences in the light most favorable to Plaintiff, the non-moving party, as the standard of review requires.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005).  Viewed in that light, Plaintiff presented sufficient evidence that he had exhausted his remedies because of Department of Correction Directive 185-003.  (*See* ECF No. 164-1, at 182).  Put another way, based on the record presented, a jury could find that further remedies were not available to Plaintiff – under the Supreme Court's articulation of "availability" in *Ross v. Blake*, 136 S.Ct. 1850, 1862 (2016) - after the IIU began its investigation.  The court found that an IIU investigation typically "shuts down" the ARP process because of Department of Correction Directive 185-003, which states that the ARP

administrator "*shall* issue a *final* dismissal" of an ARP when he determines that the underlying complaint is being investigated by the IIU. (ECF No. 164-1, at 182 (emphasis added)). The existence of DCD 185-003 was sufficient to create a material dispute of fact over whether Plaintiff had further administrative remedies available to him.

The practical availability of remedies is not a pure question of law. As the Supreme Court noted when remanding *Ross v. Blake*, determining whether administrative remedies are truly available requires development of a record of facts and evidence relating to whether the administrative process operated as a dead end, whether it was knowable by an ordinary prisoner, and whether officials thwarted the effective invocation of the administrative process through threats, game-playing, or misrepresentation. *Ross*, 136 S.Ct. at 1862; *see also Hendrick v. Bishop*, No. TDC-14-2544, 2016 WL 4442775, at *3 (D.Md. Aug. 19, 2016) (denying reconsideration of a motion for summary judgment to allow factual development so that the availability determination can consider "what [the plaintiff] knew or should have known about the ARP process when an IIU investigation is involved, what information [Defendants] provided him, and how they responded, both officially and unofficially, to his inquiries and requests"). The effect of DCD 185-003 in this case, where a hearing with an ALJ was offered through the ARP

6

process in spite of the IIU investigation, requires the application of a law to a set of facts. The court thus denied Defendants motion for summary judgment, but it also did not grant summary judgment for Plaintiff on this point. The matter remains for resolution at trial by the factfinder. *See Blake v. Ross*, No 13-7279, 2016 WL 4011152 (4th Cir. July 27, 2016) (unpublished opinion) (remanding to the district court as the factfinder to determine whether or not a Maryland inmate had remedies available to him after instigating an IIU investigation). Interlocutory appeal is therefore inappropriate because any question of law here is too "heavily freighted with the necessity for factual assessment."

To the degree that Defendants seek to challenge solely the legal reading of Department of Correction Directive 185-003, their argument would not meet Section 1292(b)'s other requirements: (1) that immediate appeal would materially advance the litigation and (2) that there is a "substantial basis for difference of opinion" on the question. A question of law would materially advance the litigation if resolving it would serve to avoid a trial or otherwise substantially shorten the litigation. *See Maxtena*, 2014 WL 4384551, at *6 (citing 16 Charles Alan Wright, et al., Federal Practice and Procedure § 3930, at 505–10 (3d ed. 2012)); *see also Orson, Inc. v. Miramax Film Corp.*, 867 F.Supp. 319, 322 (E.D.Pa. 1994) ("In determining whether

certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly."). An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on the issue. *McDaniel v. Mehfoud*, 708 F.Supp. 754, 756 (E.D.Va. 1989), *appeal dismissed*, 927 F.2d 596 (4th Cir. 1991) (unpublished opinion). Because the summary judgment standard requires viewing the facts and inferences in the light most favorable to Plaintiff and Defendants "bear the burden of proving that [Plaintiff] had remedies available to him of which he failed to take advantage," *Blake v. Ross*, 787 F.3d 693, 697 (4th Cir. 2015) *vacated on other grounds Ross v. Blake*, 136 S.Ct. 1856 (2016), Defendants' interlocutory appeal would only materially advance the litigation here if the appellate court found that, in spite of DCD 185-003, factfinders were legally prohibited from giving any effect to Plaintiff's IIU investigation. No other court has held as much, and such a decision seems wholly inconsistent with the language of the Directive,[1] the weight of decisions by this

---

[1] Directive 185-003 states:

> 4. The Warden or institutional coordinator *shall* issue a *final* dismissal of a request

8

court and other judges in this district,[2] and the suggestions of the Supreme Court in *Ross v. Blake*.[3] Therefore, the motion to certify an interlocutory appeal will be denied.

The motion to stay proceedings pending the disposition of the application for appeal will be denied as moot.

## IV. Conclusion

For the foregoing reasons, (1) the motion for interlocutory appeal filed by Defendants will be denied and (2) the motion to

---

> for procedural reasons when it has been determined that the basis of the complaint is the same basis of an investigation under the authority of the Internal Investigative Unit (IIU). . . . (b) The response shall read: "Your request is dismissed for procedural reasons final. This issue is being investigated by IIU . . . . Since this case shall be investigated by IIU, *no further action shall be taken within the ARP process.*"

[2] *See Kitchen v. Ickes*, 116 F.Supp.3d 613, 625 (D.Md. 2015) ("The court is aware that once a claim of excessive force is referred to IIU[,] no further administrative remedy proceedings may occur."); *Shiheed v. Shaffer*, No. GLR-14-1351, 2015 WL 4984505, at *3 (D.Md. Aug. 18, 2015); *Manzur v. Daney*, No. PWG-14-2268, 2015 WL 1962182, at *3 (D.Md. Apr. 29, 2015); *Chew v. Green*, No. DKC-13-2115, 2014 WL 4384259, at *13 (D.Md. Sept. 2, 2014); *Henderson v. Simpkins*, No. CCB-13-1421, 2014 WL 3698878, at *6 (D.Md. July 24, 2014); *Bogues v. McAlpine*, No. CCB-11-463, 2011 WL 5974634, at *4 (D.Md. Nov. 28, 2011); *Williams v. Shearin*, No. L-10-1479, 2010 WL 5137820, at *2 n.2 (D.Md. Dec. 10, 2010); *Thomas v. Bell*, No. AW-08-2156, 2010 WL 2779308, at *4 (D.Md. July 7, 2010).

[3] *See Ross*, 136 S.Ct. at 1862 (suggesting that the lower court could – or even "should" – find that DCD 185-003 made further administrative remedies unavailable and that "[the plaintiff's] suit may proceed even though he did not file an ARP").

stay proceedings pending that motion filed by Defendants will be denied.  A separate order will follow.

                                                          /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge