IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL                :

    v.                          :   Civil Action No. DKC 11-3278

GREGG L. HERSHBERGER, et al.    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion for reconsideration by Plaintiff David Brightwell ("Plaintiff"). (ECF No. 186). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

**I.   Background**

A more complete recitation of the factual background can be found in the court's prior memorandum opinion on summary judgment. (*See* ECF No. 183, at 2-8). In that opinion, the court, *inter alia*, granted summary judgment with regard to two Defendants, former warden of Roxbury Correctional Institution Gregg L. Hershberger and Lt. Gary Winters, both of whose purported liability relied on a theory of supervisory liability. (ECF No. 183, at 26-28). Supervisory liability requires that the supervisor had actual or constructive knowledge that his

subordinates were engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). A party asserting supervisory liability "assumes a heavy burden of proof in establishing deliberate indifference" to a problem that is "widespread." *Id.* In the opinion on the motion for summary judgment, the court held that Plaintiff could not meet that burden based on the evidence in the record. Plaintiff moves here for reconsideration of that portion of the decision. (ECF No. 186).

**II.  Standard of Review**

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). In the United States Court of Appeals for the Fourth Circuit, the precise standard governing a motion for reconsideration of an interlocutory order is unclear. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such

motions. *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565–66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.,* No. PJM-08-409, 2010 WL 3059344, at *1–2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)).

**III. Analysis**

**A. Clear Error**

Plaintiff argues that it was clear error for the court to enter summary judgment for the Supervisory Defendants. (ECF No. 186, at 7). He first asserts that the court overlooked evidence that he was assaulted twice in 2009. (*Id.* at 4). The court considered both of the alleged 2009 assaults, but found these incidents to be isolated in relation to the 2011 assault. (ECF No. 183, at 3-5, 28). These alleged assaults would not have given the Supervisory Defendants actual or constructive

3

knowledge that Plaintiff was at risk of a constitutional violation sixteen months later.

Plaintiff also avers he produced evidence that the Supervisory Defendants were aware of assaults by the nonsupervisory Defendants on other inmates between October 2009 and his 2011 assault. Although Plaintiff produced testimony from himself, David Ebb, and Shabazz Watkins that suggested there may have been assaults on other inmates during this period, none of this testimony suggests that the Supervisory Defendants were aware of these alleged assaults. Plaintiff explicitly stated that he did not file any grievances about these assaults – grievances that would have provided notification to the Supervisory Defendants – but instead wrote letters to public officials about the incidents. (ECF No. 163-1, at 13). The testimony from the other two inmates makes no mention at all of filing grievances or any other manner of notification to the Supervisory Defendants.[1] While the testimony Plaintiff points to might create a dispute of fact over whether

---

[1] The timing of the purported assaults alleged by Mr. Ebb and Mr. Watkins is also unclear. Mr. Watkins alleged that he was punched once by some of the Defendants during his time in Housing Unit 5 from January to May of 2011. Clearly, if this purported assault occurred after February 5, 2011, it could not have provided Supervisory Defendants with notice of a risk to Plaintiff prior to his alleged assault. Similarly, Mr. Ebb's testimony indicates that he was in Housing Unit 5 for most of 2009 and that there were occasions where he heard what he thought were assaults. There is no indication when in 2009 any of these assaults might have occurred.

such assaults occurred, it does not create a dispute of fact over whether the Supervisory Defendants knew or should have known that Plaintiff was at risk in February 2011. Plaintiff therefore has failed to show clear error.

### B. New Evidence

In his reply brief, Plaintiff adds the argument that the Petitioner's Lodging in *Ross v. Blake*, 136 S.Ct. 1850 (2016), which Defendants attached to their motion for interlocutory appeal, constitutes new evidence showing that Supervisory Defendants had notice that Housing Unit 5 staff were physically abusing inmates. (ECF No. 198, at 6-7). It is unclear whether the documents in the lodging or the evidence therein were previously available to Plaintiff, but assuming *arguendo*, that it is appropriately before the court, this evidence is insufficient to support reconsideration.

In the lodging from *Ross*, Plaintiff points to accusations from eleven inmates who claimed to have been assaulted at RCI between 2005 and 2011. (*See id.*). Plaintiff ignores that seven of these claims were part of a single larger incident on March 6, 2008 apparently involving the same officers and similar constitutional violations. (*See* ECF No. 188-1, at 188). An ALJ consolidated these cases into a single hearing and found for each of the prisoners in coordinated opinions. (*Id.*). Another ALJ decision cited by Plaintiff is the Kenneth Davis decision,

5

which was already discussed by the parties in the summary judgment papers. The Davis assault also occurred in March 2008 just two days after the seven consolidated assaults mentioned in the lodging from *Ross*. (*Id.* at 222). Following these assaults in 2008, which, as Plaintiff points out, DOC did not dispute, the Supervisory Defendants quite likely had actual or constructive knowledge of a pervasive risk to RCI prisoners.

This evidence does not, however, show that Defendants should still have been on notice of a risk in 2011. As Defendants' evidence shows and the ALJ in the Davis case mentioned, DOC terminated all of the officers involved in the Davis assault by April 2009 when Defendant Hershberger was appointed Warden, and it criminally prosecuted at least some of these officers. (*See id.* at 234-35; ECF No. 141-2, at 183). After being held liable for millions of dollars in damages to these prisoners, Supervisory Defendants undoubtedly sought to clean things up, as Plaintiff acknowledges when he notes that Defendant Hershberger came in and adopted new policies for handling assault allegations. (See ECF No. 198, at 7).

In the nearly three years between the Davis case and Plaintiff's purported 2011 assault, the lodged documents show only one alleged assault other than his own 2009 allegations. (*See* ECF No. 188-1, at 20-27). That incident occurred in November 2009 and was determined not to be credible by an ALJ.

(*Id.* at 26).  Even in conjunction with Plaintiff's own 2009 claims, then, this evidence – three assault allegations by two prisoners, each of which was deemed meritless despite following in the wake of the 2008 assaults and each of which was more than sixteen months before February 2011 - does not create actual or constructive notice of pervasive and unreasonable risk in 2011. Plaintiff's new evidence argument thus fails.

## IV. Conclusion

For the foregoing reasons, the motion for reconsideration filed by Plaintiff David Brightwell will be denied.  A separate order will follow.

                                                    /s/
                                     DEBORAH K. CHASANOW
                                    United States District Judge